In the Matter of the Claim of MARY MORRELLO, Respondent, against S. H. KRESS & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death

benefits made by the Workmen's Compensation Board to the widow and minor children of a deceased employee. Decedent was employed as a floor supervisor in a wholesale warehouse of the hardware department of the employer. The board found that he sustained accidental injuries in November, 1949, while lifting a carton of merchandise from a platform truck which caused a right sacroiliac sprain and an acceleration of a pre-existing cancer of the stomach so as to cause a slight hemorrhage to develop into the massive hemorrhage from which he died on January 20, 1950. Decedent had been working for some ten years in the same employment. He had a carcinoma of the stomach which had within it a malignant ulcer, but this condition was unknown until after his death and an autopsy had been performed. The medical evidence is all in agreement that his death was caused by a massive hemorrhage from this pre-existing ulcerated cancer of the stomach. The question of course is whether the accident caused this massive hemorrhage which only became apparent twenty-seven days later, and ended in his death on January 20, 1950. The evidence is undisputed that decedent continued with his regular occupation as storeroom supervisor following the accident until December 27, 1949. The Referee found against causal relation. The board reversed the Referee stating that in its opinion there was not sufficient medical evidence to decide the case and referred the matter to an impartial specialist for further medical opinion. The impartial specialist reported and testified against causal relation but the board did not accept his opinion. The medical testimony for causal relation is highly speculative and uncertain, and as the Referee observed the great weight of medical evidence is against any finding of causal relation, but since this is within the realm of fact we might hesitate to interfere except for the following incident. The first attending physician, who was called by appellants, was not permitted to give his opinion as to causal relation on the ground he was not a specialist. We can find no legal justification for such exclusion, especially in view of the fact that another physician called by the claimant, and who also was only a general practitioner, was permitted to express his opinion on that issue. Award reversed, with costs to appellants and the matter remitted to the Workmen's Compensation Board for such consideration as it may be advised. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.